| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| CAL DIVE INTERNATIONAL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | |
| | § | |
| CHARTIS CLAIMS, INC., CHARTIS | § | CIVIL ACTION NO. 1:11-CV-347 |
| SPECIALTY INSURANCE COMPANY, | § | |
| RIGG INSURANCE MANAGERS, INC., | § | |
| d/b/a RISC, INC., and ORANGE COUNTY | § | |
| INSURANCE BROKERAGE, INC., d/b/a | § | |
| BEATY INSURANCE AGENCY, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff Cal Dive International, Inc.'s ("Cal Dive") Motion to Remand (#10). Cal Dive seeks remand to state court due to the lack of complete diversity between the parties, rendering this court without subject matter jurisdiction. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is warranted.

I.   Background

On June 3, 2011, Cal Dive filed its original petition in the 172nd Judicial District Court of Jefferson County, Texas, asserting claims for breach of contract, negligence, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Insurance Code. Cal Dive filed an amended petition on June 16, 2011, re-alleging the above causes of action. It is undisputed that Cal Dive is a Delaware corporation,

with its principal place of business in the State of Texas.   Defendants Chartis Claims, Inc. ("Chartis Claims") and Chartis Specialty Insurance Company ("Chartis Insurance") (collectively, "Chartis Defendants") are foreign entities, with their principal places of business in the State of New York.   Defendant Orange County Insurance Brokerage, Inc., doing business as Beaty Insurance Agency, Inc. ("Beaty"), is a Texas corporation with its principal place of business in Orange, Texas.   RIGG Insurance Managers, Inc., doing business as RISC, Inc. ("RISC"), is a Texas corporation with its principal place of business in Dallas, Texas.

This case arises from the procurement of and denial of coverage under an insurance policy obtained by Stakes Electrical Service Company, Inc. ("Stakes"), a non-party to this lawsuit, from Chartis Insurance.   Stakes was a subcontractor for Cal Dive, and the parties operated under a master service agreement which provided that Stakes was to defend and indemnify Cal Dive for any damages incurred for work performed under the agreement.   Stakes was also obligated to obtain both primary and excess/umbrella insurance coverage for its services and to include Cal Dive as an additional insured under both policies.   Stakes, through its insurance broker, Beaty, obtained a primary policy and a Commercial Umbrella Liability Policy (the "Chartis Policy") through Chartis Insurance and Chartis Insurance's agent, RISC.   Beaty issued certificates of insurance to Cal Dive, naming Cal Dive an additional insured on both policies.

On October 7, 2009, Michael Miller ("Miller"), an employee of Stakes, was injured while working aboard a barge.   As a consequence, Miller brought suit under the Jones Act against Cal Dive, which settled the lawsuit for $547,007.73.   Chartis Claims denied coverage of the employee's claim under the Chartis Policy, asserting that the policy contained a marine liability claim exclusion that precluded coverage in this instance.   Cal Dive now seeks reimbursement from

Defendants for its settlement payments made in the Miller litigation, alleging that coverage under the Chartis Policy was to follow coverage under the primary policy, which did not exclude marine liability claims.

On July 25, 2011, the Chartis Defendants removed the case to this court on the basis of diversity of citizenship, alleging that complete diversity exists among the real parties in interest and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  The Chartis Defendants assert that Beaty and RISC were improperly joined as defendants and, therefore, they should be dismissed as parties to this action and their citizenship ignored for jurisdictional purposes.  On August 15, 2011, Cal Dive filed the instant motion to remand, contending that Beaty and RISC were properly joined and, as such, complete diversity does not exist, and federal jurisdiction is lacking.  The Chartis Defendants, Beaty, and RISC (collectively "Defendants") each filed separate responses.

II.    Analysis

A.    Removal and Remand

"'Federal courts are courts of limited jurisdiction.'"  *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006); *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004).  "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'"  *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)).  The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the

federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S.

993 (2001) (citing *Kokkonen*, 511 U.S. at 377); *see also Hertz Corp. v. Friend*, __ U.S. __, __,

130 S. Ct. 1181, 1194 (2010); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).   In

an action that has been removed to federal court, a district court is required to remand the case to

state court if, at any time before final judgment, it determines that it lacks subject matter

jurisdiction. *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567,

571 (2004); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392 (5th Cir. 2009); *McDonal v. Abbott

Labs.*, 408 F.3d 177, 182 (5th Cir. 2005).

When considering a motion to remand, "[t]he removing party bears the burden of showing

that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. &

Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, 547

U.S. 332, 342 n.3 (2006); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *In re Hot-Hed

Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th

Cir. 2005); *Boone*, 416 F.3d at 388.   "'This extends not only to demonstrating a jurisdictional

basis for removal, but also necessary compliance with the requirements of the removal statute.'"

*Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (quoting

*Albonetti v. GAF Corp. Chem. Grp.*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)); *accord

Crossroads of Tex., L.L.C. v. Great-West Life & Annuity Ins. Co.*, 467 F. Supp. 2d 705, 708

(S.D. Tex. 2006); *Smith v. Baker Hughes Int'l Branches, Inc.*, 131 F. Supp. 2d 920, 921 (S.D.

Tex. 2001).   "Only state-court actions that originally could have been filed in federal court may

be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392

(1987) (citing 28 U.S.C. § 1441(a)); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004);

*Halmekangas*, 603 F.3d at 294; *Gutierrez*, 543 F.3d at 251.   "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 n.2 (5th Cir. 2003).   Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gutierrez*, 543 F.3d at 251; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *In re Hot-Hed Inc.*, 477 F.3d at 323.

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.   *See* 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Halmekangas*, 603 F.3d at 294; *McDonal*, 408 F.3d at 181.   In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of removal. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 n.2 (5th Cir. 2007); *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558 n.1 (5th Cir. 2004); *Manguno*, 276 F.3d at 723.   In removed cases where, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.*, 546 U.S. at 89; *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68

(1996); *Halmekangas*, 603 F.3d at 294; *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir.), *cert. denied*, 534 U.S. 997 (2001).   Complete diversity requires that no plaintiff be a citizen of the same state as any defendant.   *See Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc.*, 519 U.S. at 68; *Wallace v. La. Citizens Prop. Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006); *Heritage Bank*, 250 F.3d at 323.   Furthermore, removal is appropriate only if none of the parties properly joined and served as defendants are citizens of the state in which the action was brought.   *See* 28 U.S.C. § 1441(b); *Lincoln Prop. Co.*, 546 U.S. at 89; *Gasch*, 491 F.3d at 281; *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531-32 (5th Cir.), *cert. denied*, 548 U.S. 907 (2006).

B.   <u>Improper Joinder</u>

In the case at bar, there is no dispute that Cal Dive and the Chartis Defendants are citizens of different states and that more than $75,000.00 is at issue.   Nonetheless, diversity jurisdiction may be lacking, as Beaty and RISC are citizens of Texas.   Therefore, to establish the existence of diversity jurisdiction, the Chartis Defendants must show that Beaty and RISC were improperly or fraudulently joined as defendants to this action.   *See Crockett*, 436 F.3d at 532; *Guillory*, 434 F.3d at 307-08; *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 224-25 (5th Cir. 2005), *cert. denied*, 549 U.S. 811 (2006); *Heritage Bank*, 250 F.3d at 323; *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000).   "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."   *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), *cert. denied*, 544 U.S. 992 (2005).   "The removing party bears the heavy burden of proving that non-diverse defendants have been fraudulently joined to

6

defeat diversity, either by showing that (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *accord Gasch*, 491 F.3d at 281; *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *Holder v. Abbott Labs., Inc.*, 444 F.3d 383, 387 (5th Cir. 2006); *Guillory*, 434 F.3d at 308-09; *McDonal*, 408 F.3d at 183; *Melder v. Allstate Corp.*, 404 F.3d 328, 330 (5th Cir. 2005); *Smallwood*, 385 F.3d at 573.  The United States Court of Appeals for the Fifth Circuit has held that there is no difference between the terms "improper joinder" and "fraudulent joinder" in the context of removal jurisdiction. *See Smallwood*, 385 F.3d at 571 n.1.  "The removing party has the burden of establishing improper joinder by showing: Plaintiff['s] inability to establish a claim under state law against the non-diverse defendant; or actual fraud in pleading jurisdictional facts." *Melder*, 404 F.3d at 330; *accord Smallwood*, 385 F.3d at 573.

A determination of fraudulent joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994).  Where the defendant maintains that federal jurisdiction is proper, the court must evaluate all the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff, and then examine relevant state law and resolve all uncertainties in favor of the nonremoving party. *See Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462-63 (5th Cir. 2003), *cert. denied*, 546 U.S. 813 (2005); *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Great Plains Trust Co. v. Morgan*

*Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *Hart*, 199 F.3d at 246. Furthermore, the "'court must normally assume all the facts as set forth by the plaintiff to be true.'" *Burden*, 60 F.3d at 217 (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983), *cert. denied*, 464 U.S. 1039 (1984)).

"A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis." *McDonal*, 408 F.3d at 183 n.6; *see also Boone*, 416 F.3d at 388 ("A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6)."); *Smallwood*, 385 F.3d at 573. If a plaintiff can survive a Rule 12(b)(6)-type challenge, there is generally no improper joinder. *Guillory*, 434 F.3d at 309; *Smallwood*, 385 F.3d at 573.

To prove the existence of fraudulent joinder, the removing party must demonstrate that there is no possibility that the plaintiff could establish a cause of action against the non-diverse defendant in state court. "Merely pleading a valid state law claim, or one whose validity is reasonably arguable, against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004) (citing *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992)). "In evaluating a claim of fraudulent joinder, we do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997), *cert. denied*, 523 U.S. 1072 (1998); *see Guillory*, 434 F.3d at 308-09; *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996); *Burden*, 60 F.3d at 216. "'If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent

in fact or in law.'" *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968)); *accord Travis*, 326 F.3d at 647.

"This possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust Co.*, 313 F.3d at 312 (citing *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)); *accord Boone*, 416 F.3d at 388; *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004); *Travis*, 326 F.3d at 648.  "'If there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," then there is no fraudulent joinder,'" and the case must be remanded for lack of diversity. *Great Plains Trust Co.*, 313 F.3d at 312 (quoting *Badon*, 236 F.3d at 286 (quoting *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993))); *see Gray*, 390 F.3d at 402; *Smallwood*, 385 F.3d at 589-90; *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751.  "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999); *see Burden*, 60 F.3d at 218-21.  In the instant case, because the Chartis Defendants do not claim actual fraud in Cal Dive's recitation of jurisdictional facts, they must demonstrate that there is no reasonable possibility that Cal Dive could establish a cause of action against Beaty and RISC. *See Gasch*, 491 F.3d at 281; *Larroquette*, 466 F.3d at 374; *Holder*, 444 F.3d at 387; *Guillory*, 434 F.3d at 308; *Melder*, 404 F.3d at 330; *Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d at 648; *Great Plains Trust Co.*, 313 F.3d at 312.

In assessing whether a plaintiff could possibly establish a claim against a non-diverse defendant, the court must apply the law of the state in which the action was brought—in this case,

Texas.  *See Travis*, 326 F.3d at 647; *Hart*, 199 F.3d at 247.  District courts in Texas differ regarding whether to apply the federal 12(b)(6) standard or the more lenient Texas "fair notice" standard when evaluating the sufficiency of factual allegations for the purpose of determining fraudulent joinder.  *Compare Escuadra v. Geovera Specialty Ins. Co.*, 739 F. Supp. 2d 967, 976-77 (E.D. Tex. 2010) (applying federal standard), *and King v. Provident Life & Accident Ins. Co.*, 1:09-CV-983, 2010 WL 2730890, at *4 (E.D. Tex. June 4, 2010) (same), *with Hayden v. Allstate Tex. Lloyds*, H-10-646, 2011 WL 240388, at *7-8 (S.D. Tex. Jan. 20, 2011) (applying Texas standard), *and Edwea, Inc. v. Allstate Ins. Co.*, H-10-2970, 2010 WL 5099607, at *5-6 (S.D. Tex. Dec. 8, 2010) (same).  It appears, however, that the majority of courts which have addressed this issue favor application of the state pleading standard.  *Edwea, Inc.*, 2010 WL 5099607, at *5.[1] After reviewing these authorities, the court is persuaded that applying the state pleading standard is the better approach.  Because Cal Dive filed its petition in state court in accordance with Texas pleading standards, it would be unfair to hold it to the more stringent standard of federal court. *Centro Cristiano Cosecha Final, Inc.*, 2011 WL 240335, at *14; *Edwea, Inc.*, 2010 WL 5099607, at *5-6.  Accordingly, the court will examine Cal Dive's petition under the Texas pleading standard to determine whether the allegations therein support a reasonable basis for predicting

---

[1] *See also Garcia v. LG Elecs. USA Inc.*, No. B-11-61, 2011 WL 2517141, at *4 (S.D. Tex. June 23, 2011); *D'Souza v. Peerless Indem. Ins. Co.*, H-10-4431, 2011 WL 285154, at *2 (S.D. Tex. Jan. 25, 2011); *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, H-10-1846, 2011 WL 240335, at *12-14 (S.D. Tex. Jan. 20, 2011); *Rankin Rd., Inc. v. Underwriters at Lloyds of London*, 744 F. Supp. 2d 630, 636 (S.D. Tex. 2010); *SL FUS of Houston, L.L.C. v. InSightec-TXSonics, Inc.*, H-10-2066, 2010 WL 3984669, at *3 & n.8 (S.D. Tex. Oct. 8, 2010); *Murphy v. Broyhill Indus., Inc.*, 3:08-CV-2092, 2009 WL 1543918, at *4-5 (N.D. Tex. June 2, 2009); *Warren v. State Farm Mut. Auto. Ins. Co.*, 3:08-CV-0768, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008).

recovery against Beaty and RISC, leaving any technical defects to be addressed in state court. *See Murphy*, 2009 WL 1543918, at *5.[2]

Texas follows a "fair notice" pleading standard, which requires "a short statement of the cause of action sufficient to give fair notice of the claim involved . . . ." TEX. R. CIV. P. 47; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 230 (Tex. 2004). The purpose of this standard is to provide the opposing party with sufficient information to prepare a defense. *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 616 n.11 (Tex. 2004) (citing *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)). Under this standard, the court examines whether the opposing party can ascertain from the pleadings the nature, basic issues, and the type of evidence that might be relevant to the controversy. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). "[T]he pleadings must be sufficiently adequate so the court is able, from an examination of the pleadings alone, to ascertain with reasonable certainty and without resorting to information from another source, the elements of a plaintiff's cause of action and relief sought with sufficient information upon which to base a judgment." *UMLIC VP LLC v. T&M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 604 (Tex. App.—Corpus Christi 2005, pet. denied) (citing *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979)). Nevertheless, a pleading will be liberally construed in favor of the pleader, and the court should uphold the petition as to a cause of action that may be reasonably inferred from what is

---

[2] Defendants rely on *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729 (E.D. Tex., Sept. 29, 2008), to the extent that it held that the petition did not sufficiently allege a claim against the non-diverse party. This case, however, uses the more stringent federal pleading standard, citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), in conducting the analysis, and thus is not beneficial in determining whether Cal Dive's claims are sufficient. *See First Baptist*, 2008 WL 4533729, at *4.

specifically stated, even if an element of the cause of action is not alleged.  *Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 897; *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993); *see In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 388 F. Supp. 2d 780, 784 n.4 (S.D. Tex. 2005).

C.     Beaty and RISC Defendants

In the instant case, Cal Dive, as a third-party beneficiary, alleges that Beaty breached a contract with Stakes, the non-party subcontractor of Cal Dive, to procure insurance.[3]  Cal Dive also avers that:  (1) Beaty and RISC negligently obtained the Chartis Policy; and (2) Beaty made misrepresentations in procuring the policy, violating various provisions of the DTPA and the Texas Insurance Code.   Defendants argue that Beaty and RISC were improperly joined as defendants because recovery is not reasonably possible under any of Cal Dive's legal theories.

Defendants first argue that Cal Dive's claims are precluded by the terms of the Chartis Policy.  Specifically, Defendants maintain that all of Cal Dive's claims are asserted as an assignee of the Chartis Policy, which contains an anti-assignment clause.  Defendants also claim that Cal Dive has failed to allege that Stakes suffered any damages, an essential element in asserting a claim as an assignee.   Finally, Defendants assert that Cal Dive's claims based on misrepresentations fail because Texas law charges an insured with knowledge of the provisions of a policy and the Chartis Policy contained a disclaimer of reliance.

_____

[3] Although Cal Dive does not identify itself specifically as a third-party beneficiary in its petition, the court reads the complaint as alleging this theory of recovery.

12

1.    Cal Dive's Status as Assignee

First, Defendants maintain that Cal Dive's claims against Beaty and RISC fail because they are barred by the policy's anti-assignment clause and the assignor, Stakes, did not suffer any damages.  In its petition, Cal Dive pleads as a condition precedent that "Stakes has formally assigned all of its claims and causes of action which it has or may have against Defendants to Cal Dive . . . ."  Although the anti-assignment clause would affect the assignment of any claims based on the Chartis Policy, Cal Dive alleges claims outside of the policy, such as negligence, breach of the duty of good faith and fair dealing, and violations of the DTPA and the Texas Insurance Code.  With respect to any claims Cal Dive attempts to assert as an assignee of Stakes's litigation rights, Cal Dive stands in the shoes of Stakes and can only assert those rights that Stakes could itself assert.  *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 420 (Tex. 2000); *First-Citizens Bank & Trust Co. v. Greater Austin Area Telecomms. Network*, 318 S.W.3d 560, 566 (Tex. App.—Austin 2010, no pet. h.).  Cal Dive alleges, in a conclusory manner, that Beaty and the Chartis Defendants proximately caused damages to Stakes.  The court, however, cannot ascertain from the facts how Stakes suffered any damages.  Cal Dive, not Stakes, paid the amount that exceeded the coverage of the primary insurance policy in the settlement with the Stakes employee, which is the sum that Cal Dive now seeks to recover.  Because Stakes would appear to have no viable claims against Defendants, Cal Dive also has no claims as the assignee of Stakes's rights in litigation.  Thus, Cal Dive fails to allege a cause of action as Stakes's assignee.

2.    Misrepresentation Claims

Cal Dive asserts claims for violations of the DTPA and the Texas Insurance Code based on misrepresentations purportedly made by Beaty.  Under Texas law, insurance agents can be

liable for affirmative representations that sufficient coverage will be secured. *See May v. United Servs. Ass'n of Am.*, 844 S.W.2d 666, 670 (Tex. 1992) (recognizing that liability may exist if party is "led wrongly to believe that [his] policy provided protection against a particular risk that was in fact excluded from the policy's coverage"). Defendants contend that Cal Dive has failed to identify specifically the purported misrepresentation. The court disagrees. Cal Dive states, "Defendant Beaty also represented to Plaintiff that the Chartis Policy mirrored the primary policy in all respects." As the petition alleges, the Chartis Policy did not mirror the primary policy because it included a marine liability exclusion not found in the primary policy.

In order to succeed on a claim of misrepresentation for violating the DTPA under Texas Insurance Code Chapter 541, Cal Dive must show that it relied on the misrepresentation to its detriment. *See* TEX. INS. CODE ANN. § 541.151(2) (Vernon 2009). Cal Dive's claims under Chapter 541, Subchapter B of the Texas Insurance Code, however, do not appear to require reliance.[4] Without referring to the claims brought under Subchapter B, Defendants assert that Cal

---

[4] Texas Insurance Code § 541.151(1)-(2) provides:

> A person who sustains actual damages may bring an action against another person for those damages caused by the other person engaging in an act or practice: (1) defined by Subchapter B to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance; or (2) specifically enumerated in Section 17.46(b), Business & Commerce Code, as an unlawful deceptive trade practice if the person bringing the action shows that the person relied on the act or practice to the person's detriment.

TEX. INS. CODE ANN. § 541.151 (Vernon 2009). Cal Dive alleges that Beaty violated Subchapter B by misrepresenting the terms, benefits, advantages, and coverage of the Chartis Policy. While causation is essential in order to recover damages, reliance does not appear to be explicitly required for this claim. *See Lubin v. Farmers Grp., Inc.*, No. 03-03-374, 2009 WL 3682602, at *21 (Tex. App.—Austin Nov. 6, 2009, no pet.) (mem. op.) (explaining that the reliance element was limited to claims enumerated in the DTPA brought under the Texas Insurance Code); *Lennar Corp. v. Great Am. Ins. Co.*, 200 S.W.3d 651, 701 & n.70 (Tex. App.—Houston [14th Dist.] 2006, pet. denied), *abrogated on other grounds by Gilbert*

14

Dive is foreclosed from relying on any statement made by Beaty as a matter of law due to a provision in the Chartis Policy stating the following: "Notice to any agent or knowledge possessed by any agent or any other person will not effect a waiver or change in any part of this policy." Defendants urge the court to read this statement as a disclaimer that representations made by an agent are not authorized; thus, reliance on these statements is not justifiable. In so doing, Defendants rely on *E.R. Dupuis Concrete Co. v. Penn Mut. Life Ins. Co.*, 137 S.W.3d 311 (Tex. App.—Beaumont 2004, no pet.), to argue that reliance is conclusively negated in this instance. In *E.R. Dupuis*, the court read the cautionary language from a contract that stated, "[n]o agent is authorized to modify this contract or make any promise as to the future payment of dividends or interest," as foreclosing the reliance factor required for fraud when the plaintiff was alleging that agents made representations about the growth rate and the future interest on the account. *Id.* at 320-21. The alleged disclaimer in the Chartis Policy does not necessarily foreclose Cal Dive's claims because the language from the disclaimer in *E.R. Dupuis* is distinguishable from the instant case. In *E.R. Dupuis*, the provision unequivocally states that an agent is not authorized to make any promises as to future payments, while the Chartis disclaimer does not purport to foreclose reliance on agents' representations but only extends to the effect of an agent's notice or knowledge of facts on the terms of the policy. *Compare Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 54 (Tex. 2008) (holding that the agreement "disclaim[ing] reliance 'upon any statement or any representation of any agent of the parties'" precluded recovery on fraudulent inducement claim),

---

*Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118 (Tex. 2010) (explaining that insured is not required to prove reliance under former article 21.21 § 4, now incorporated into Chapter 541, Subchapter B).

*and Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 180-81 (Tex. 1997) (holding that reliance was disclaimed by the language "none of us is relying upon any statement or representation of any agent of the parties"), *with Yzaguirre v. KCS Res., Inc.*, 47 S.W.3d 532, 542 (Tex. App.—Dallas 2000), *aff'd*, 53 S.W.3d 368 (Tex. 2001) (holding reliance was not foreclosed by the language, "[n]o oral understandings, statements, promises or inducements contrary to this Settlement Agreement exist. This settlement agreement cannot be changed or terminated orally, and any modifications shall be recognized by the parties only if they are in writing and executed by the appropriate parties").

Moreover, the Texas Supreme Court has noted that "a release will not always negate" a claim of fraud. *Yzaguirre*, 47 S.W.3d at 542 (citing *Schlumberger*, 959 S.W.2d at 179-80). "The contract and the circumstances surrounding its formation determine whether a disclaimer of reliance is binding." *Id.* Because the provision that Defendants contend relieves Beaty from liability does not specifically disclaim reliance on an agent's representations and the circumstances surrounding contract formation must be examined to determine whether a disclaimer is binding, Defendants have not established that there is no reasonable possibility that a court could find that Cal Dive relied on Beaty's misrepresentations.

Finally, Defendants maintain that Cal Dive cannot establish justifiable reliance required for its misrepresentation claims because Texas law provides that an insured is charged with the knowledge of a policy's provisions. *See Ruiz v. Gov't Emps. Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App.—El Paso 1999, no pet.) ("An insured has a duty to read the policy and, failing to do so, is charged with knowledge of the policy terms and conditions."). Defendants argue that Cal Dive, as an additional insured, is held to the same obligation as an insured and "cannot circumvent this

16

imputed knowledge by claiming it was misled by a certificate of insurance." Texas courts, however, have held "that liability for insurance agents is fact-intensive and 'will usually depend on evidence that the [agent] induced his client to rely on his or her performance and that the client reasonably, but to his detriment, assumed that he was insured against the risk which caused the loss.'" *Edwea, Inc.*, 2010 WL 5099607, at *10 (quoting *Aspen Specialty Ins. Co. v. Muniz Eng'g Inc.*, 514 F. Supp. 2d 972, 982 (S.D. Tex. 2007)); *see Myers v. Allstate Tex. Lloyd's*, No. 1:10-CV-172, 2011 WL 846083, at *13 (E.D. Tex. Mar. 8, 2011) (recognizing the duty of an insured to read its policy but compiling cases discussing how Texas courts nevertheless have held insurance agents liable for affirmative misrepresentations about the terms of the policy); *Lexington Ins. Co. v. N. Am. Interpipe, Inc.*, No. H-08-3589, 2009 WL 1750523, at *2 (S.D. Tex. June 19, 2009) (same). Here, "[D]efendants have not presented any basis to conclude that [Cal Dive's claims against Beaty] result[] solely from [Cal Dive's] failure to read the insurance policy or [its] mistaken belief about the policy's coverage." *Edwea, Inc.*, 2010 WL 5099607, at *10. To the contrary, Cal Dive alleges in its petition that Beaty represented to Cal Dive that the policy to be procured followed the terms of the primary policy when, in fact, it did not. At this stage of the proceeding, a determination regarding whether Cal Dive justifiably relief on Beaty's misrepresentations is premature. Thus, Cal Dive raises a reasonable basis for recovery under Texas law.[5]

---

[5] Because the court finds that there is a reasonable possibility that Cal Dive could prevail on its claims based on Beaty's alleged misrepresentation, the court need not address the other causes of actions against Beaty or the allegations against RISC.

17

It has been firmly established by the Fifth Circuit that fraudulent joinder cannot be found if "there is any possibility that the plaintiff has stated a cause of action against any non-diverse defendant." *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751; *see Melder*, 404 F.3d at 330; *Smallwood*, 385 F.3d at 573; *Hart*, 199 F.3d at 246; *Burden*, 60 F.3d at 216; *B., Inc.*, 663 F.2d at 550 & n.11.   In this instance, while Cal Dive's ability to recover is not definitive, this court is unable to conclude that Cal Dive cannot possibly prevail against Beaty for its alleged misrepresentation.   Hence, "[t]aking the plaintiff's allegations in this case to be true, [this court] cannot predict with absolute certainty that a Texas court would summarily dismiss the causes of action asserted against defendant [Beaty]." *B., Inc.*, 663 F.2d at 554.

Thus, under these circumstances, Defendants have not shown that there is "absolutely no possibility that [Cal Dive] will be able to establish a cause of action against the in-state defendant." *Cavallini,* 44 F.3d at 259; *see Great Plains Trust Co.*, 313 F.3d at 312; *Hart*, 199 F.3d at 246; *Griggs*, 181 F.3d at 699; *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751; *Burden*, 60 F.3d at 216.   As a consequence, the Chartis Defendants, Beaty, and RISC have failed to satisfy their heavy burden of proving fraudulent joinder.   *See Travis*, 326 F.3d at 649-50; *Hart*, 199 F.3d at 246; *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751; *Burden*, 60 F.3d at 217.   Because the removing parties have not adduced sufficient evidence to establish that Beaty was fraudulently joined, the shared citizenship of Cal Dive and Beaty defeats diversity and prevents this court from exercising jurisdiction over this lawsuit.   Accordingly, this action should be remanded to the state court in which it was originally filed.

III.    <u>Conclusion</u>

An evaluation of the relevant facts and controlling law reveals that this court lacks subject matter jurisdiction over Cal Dive's action, as there is neither a federal question presented nor complete diversity of citizenship between the parties.   Therefore, this case was improvidently removed, and remand is warranted.   Consequently, this court finds that Cal Dive's Motion to Remand should be granted and that this action should be remanded to the 172nd Judicial District Court of Jefferson County, Texas.   An order of remand will be entered separately.

SIGNED at Beaumont, Texas, this 4th day of November, 2011.

_Marcia A. Crone_
_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

19